WILLIAM SMITH AND ANOTHER v. THE STATE.

In an action on a forfeited bail bond, for the appearance of J. S. to answer a charge of willfully and " wantingly " killing a certain dog. the court below held that the word " wantingly " would do for *wantonly*, or that the bond was sufficient without either, and this court sustains the ruling; for, if the word " wantingly " be struck out of the bond, there is still a description of an offense against the law (Paschal's Digest, Article 2344);

and if it is suffered to remain it is only a repetition of the word will fully, which, though unnecessary, does not vitiate the bond.   And besides, the words are *idem sonans*.

ERROR from Lavaca.

Nothing but the opinion of the court has reached the hands of the reporter.

WALKER, J.   The plaintiffs in error entered into a recognizance for the appearance of J. A. Smith, to answer a charge of willfully and " wantingly " killing a certain dog.

The bad orthography, or the mistake of the word " wantingly " for the word wantonly, brings this case before us.   The District Court considered that " wantingly " might do for wantonly, or that the bail bond could do without either ; and in this we think the court was right.

The words come under the rule of *idem sonans*, and the same strictness would not be necessary in a bail bond or recognizance which would be required in an indictment.

Again, if we reject the word " wantingly " from the bond, there is still a description of an offense against our law.   (Article 2344, Paschal's Digest.)   It is not necessary to make out the offense under the statute, that the word wantonly should be used.   The language of the statute is, " shall *willfully* kill, maim, wound," etc.

Permit the word " wantingly " to stand, and it is only almost a repetition of the word willfully, which, though unnecessary in the bond, does not vitiate it.

The judgment of the District Court is affirmed.

Affirmed.